# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| **SONYA BRATCHER,**  )<br>)<br>**Plaintiff,**  )<br>v.  )<br>)<br>**A.E. STALEY MANUFACTURING**  )<br>**COMPANY, and TATE & LYLE NORTH**  )<br>**AMERICA,**  )<br>)<br>**Defendants.**  ) | Case No. 04-CV-2005 |

## ORDER

On February 12, 2004, Plaintiff, Sonya Bratcher, filed a pro se Complaint (#7) against Defendants, A.E. Staley Manufacturing Company and Tate & Lyle North America. Plaintiff alleged that Defendants terminated her employment because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.).

On December 15, 2004, Defendants filed a Motion for Summary Judgment (#18), a Memorandum of Law in Support (#19), and an Appendix (#20) with supporting documentation. Plaintiff filed a Motion for Extension of Time to File Response (#22). This court granted Plaintiff's Motion and allowed her until January 31, 2005, to file her Response to Defendants' Motion for Summary Judgment. Plaintiff has not filed a Response, even though she was allowed additional time to do so. Following this court's careful review of the documents and arguments presented by Defendants, Defendants' Motion for Summary Judgment (#18) is GRANTED.

## SUMMARY JUDGMENT

As noted, Plaintiff has not filed a response to Defendants' Motion for Summary Judgment. Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days of service of a motion for summary judgment, unless

>     the time is extended by the court, any party opposing the motion shall file a response . . . . A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d at 392.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

In this case, Defendants have provided a detailed statement of undisputed material facts with

supporting documentation. The undisputed facts show that Plaintiff did not return to work after she was released to return to work by her doctor and was terminated due to her failure to return from a medical leave of absence and her absence for three consecutive days without notifying Defendants. Defendants contend that, based upon the undisputed facts, Plaintiff cannot establish a prima facie case of discrimination. Defendants further argue that, even if Plaintiff could establish a prima facie case of discrimination, Defendants articulated legitimate, non-discriminatory reasons for their actions and Plaintiff cannot show that these reasons were pretextual.

This court has carefully reviewed all of the documentation submitted by Defendants as well as Defendants' citations of authority. Following this careful review, this court concludes that Defendants have met their burden to show that no genuine issue of material fact exists which requires a trial. This court concludes that Defendants are entitled to judgment as a matter of law on Plaintiff's Complaint (#7).

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Summary Judgment (#18) is GRANTED. Judgment is entered in favor of Defendants and against Plaintiff.

(2) This case is terminated. The parties shall be responsible for their own court costs.

ENTERED this 7th day of February, 2005

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF JUDGE