IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| SONYA BRATCHER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-2005 |
| A.E. STALEY MANUFACTURING COMPANY, AND TATE & LYLE NORTH AMERICA, | ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE COURT'S ORDER GRANTING SUMMARY JUDGMENT**

Defendants', A.E. Staley Manufacturing Company, and Tate & Lyle North America (collectively "Defendants"), by their attorneys, respectfully submit their memorandum in opposition to Plaintiff's motion to vacate the Court's February 7, 2004 Order granting Defendants' motion for summary judgment.

**INTRODUCTION**

On December 15, 2004, Defendants moved for summary judgment on Plaintiff's claims of race discrimination. Plaintiff failed to file a timely response and, on February 7, 2005, the Court granted Defendants' motion. The following day, Plaintiff filed an untimely response to Defendants' motion for summary judgment. On February 11, 2005, Plaintiff moved the Court to reconsider its summary judgment Order, based on the arguments set forth in her untimely response.

Plaintiff's motion should be denied. Foremost, Plaintiff failed to comply with the Court's briefing deadline after several extensions. *Pro se* litigants "are not entitled to a general

CH1 10854988.2

dispensation from the rules of procedure or court-imposed deadlines." *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). Moreover, Plaintiff's untimely response fails to raise a genuine issue of material fact. Though Plaintiff points to other employees she claims were treated more favorably than she, none was similarly-situated as a matter of law. For these reasons, the Court's summary judgment decision should not be disturbed.

## ARGUMENT

I. **THE COURT SHOULD NOT VACATE ITS DECISION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.**

   A. **Plaintiff's Response Must Be Disregarded Because It Is Untimely.**

Pursuant to the Court's June 4, 2004, Scheduling Order, Plaintiff was originally required to respond to Defendants' motion for summary judgment by January 5, 2005. Because the Rule 56 Notice was not mailed to Plaintiff until December 29, 2004 and because she is proceeding *pro se*, the Court on its own motion extended Plaintiff's response deadline to January 19, 2005. On January 11, 2005, Plaintiff sought and received a second extension until January 31, 2005.

Plaintiff, however, failed to file her response by January 31. As the Court stated in its Order granting summary judgment on February 7, 2005, under Local Rule 7.1(D)(2), she is thus deemed to have admitted the motion. Doc. No. 23, 2/7/05 Order at p. 1. Moreover, Plaintiff has failed to show good cause for failing to file a timely response. The Court has a right to expect deadlines to be honored. *Spear v. City of Indianapolis*, 74 F.3d 153,157 (7th Cir. 1996). Plaintiff's motion to vacate should be denied on that basis alone.

   B. **Plaintiff's Response Fails To Raise A Genuine Issue Of Material Facts In Any Event.**

In her response, Plaintiff identifies several white employees she claims were treated more favorably then she was. None, however, is similarly-situated to Plaintiff as a matter of law. Plaintiff was terminated for violating the no-call, no-show provision of the collective bargaining

agreement between the Company and the Union.(FS ¶¶ 31-46).[1]  Even taking Plaintiff's allegations as true, the employees to which she points were terminated for different offenses, such as a history of absenteeism or safety violations.

By contrast, it is undisputed that Defendants *did* terminate those individuals who were similarly-situated to Plaintiff, i.e. those who also violated the no-call, no-show provision of the collective bargaining agreement.  (FS ¶ 44).   As such, Plaintiff's untimely response provides no basis for revisiting the Court's Order granting summary judgment.

## CONCLUSION

For all of the foregoing reasons, Defendants request that the Court deny Plaintiff's motion to vacate the summary judgment order.

**DATED:  February 14, 2005**

Respectfully submitted,
A.E. STALEY MANUFACTURING COMPANY, AND TATE & LYLE NORTH AMERICAN

By   /s/ Colette M. Savage
         One of Their Attorneys

Sari M. Alamuddin
Colette M. Savage
SEYFARTH SHAW LLP
55 East Monroe Street
Suite 4200
Chicago, Illinois 60603
(312) 346-8000

---

[1] Citations to Defendants' CDIL-LR 7.1(D) (1)(b) Material Facts Claimed to Be Undisputed are cited here as "FS ¶ ___".

CH1 10854988.2

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR REPLY MOTION TO STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS** was served upon Pro Se Plaintiff via U.S. Mail, on this 14th day of February, 2005:

> Sonya Bratcher
> 456 East Stuart Avenue
> Decatur, Illinois 62526

　　　　　　　　　　　　　　　　/s/ Colette M. Savage
　　　　　　　　　　　　　　　　　Colette M. Savage