E-FILED
Wednesday, 16 February, 2005  03:07:45 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **SONYA BRATCHER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 04-CV-2005 |
| ) | |
| **A.E. STALEY MANUFACTURING** ) | |
| **COMPANY, and TATE & LYLE NORTH** ) | |
| **AMERICA,** ) | |
| ) | |
| **Defendants.** ) | |

### ORDER

On February 7, 2005, this court entered an Order (#23) which granted the Motion for Summary Judgment (#18) filed by Defendants, A.E. Staley Manufacturing Company and Tate & Lyle North America. This court noted that Plaintiff had not filed a Response to the Motion, although she was allowed an extension of time, until January 31, 2005, to do so. This court also concluded that Defendants met their burden to show that no genuine issue of material fact exists which required a trial and that Defendants were entitled to judgment as a matter of law on Plaintiff's Complaint (#7).

On February 8, 2005, Plaintiff filed a Response to the Motion for Summary Judgment (#25). On February 11, 2005, Plaintiff filed a Motion to Vacate Order (#26). In her Motion, Plaintiff stated that she misread this court's order which allowed her an extension of time to respond to the Motion for Summary Judgment. Plaintiff stated that she thought the due date was February 14, 2005, rather than January 31, 2005. On February 14, 2005, Defendants filed a Memorandum in Opposition to Plaintiff's Motion to Vacate (#27). Defendants argued that Plaintiff's Motion to Vacate should be denied because Plaintiff failed to comply with this court's briefing deadline. Defendants also argued that Plaintiff's Response failed to raise a genuine issue of material fact because none of the

employees identified by Plaintiff were similarly situated to her.

Based upon Plaintiff's pro se status, this court will grant Plaintiff's Motion to Vacate (#26). This court's order (#23) is vacated and this court will consider Plaintiff's Response (#25) in ruling on Defendants' Motion for Summary Judgment. However, this court agrees with Defendants that Plaintiff has not shown that any genuine issue of material fact exists that requires a trial. Accordingly, Defendants' Motion for Summary Judgment (#18) is GRANTED.

ANALYSIS

I. SUMMARY JUDGMENT STANDARD

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge v. American Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." Michas v. Health Cost Controls of Ill., Inc., 209 F.3d 687, 692 (7th Cir. 2000), quoting Pipitone v. United States, 180 F.3d 859, 861 (7th Cir. 1999). In making this determination, the court must consider the evidence in the light most favorable to the party opposing summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970); Adams v. Wal-Mart Stores, Inc., 324 F.3d 935, 938 (7th Cir. 2003). In addition, the summary judgment standard is applied with special scrutiny to employment discrimination cases, which often turn on the issues of intent and credibility.

Michas, 209 F.3d at 692. However, even in an employment discrimination case, neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment. Michas, 209 F.3d at 692. Moreover, a plaintiff cannot defeat summary judgment by raising immaterial issues of fact. See Jordan v. Summers, 205 F.3d 337, 345 (7th Cir. 2000).

## II. RACE DISCRIMINATION

In this case, Defendants provided a detailed statement of undisputed material facts with supporting documentation. The undisputed facts showed that Plaintiff did not return to work after she was released to return to work by her doctor and was terminated due to her failure to return from a medical leave of absence and her absence for three consecutive days without notifying Defendants. Defendants also provided documentation showing that three Caucasian employees, George Stokes, Tom Sturgill, and Brian Chandler, were terminated for not reporting to work for more than three consecutive days. In addition, Defendants provided excerpts from Plaintiff's deposition wherein she acknowledged that she knew she was required to return to work when she was released to return to work by her doctor. Defendants contended that, based upon the undisputed facts, Plaintiff could not establish a prima facie case of discrimination.

In her Response, Plaintiff has not responded to Defendants' statement of undisputed facts. In addition, Plaintiff does not claim that she has direct evidence of discrimination. Accordingly, this court agrees with Defendants that Plaintiff must proceed under the McDonnell Douglas burden shifting analysis. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Ajayi v. Aramark Bus. Servs., Inc., 336 F.3d 520, 531 (7th Cir. 2003). Under this approach, Plaintiff must first establish a prima facie case of discrimination, which then shifts the burden of proof to Defendants

to provide some legitimate, nondiscriminatory reason for the employment decision. Ajayi, 336 F.3d at 531. If Defendants do so, Plaintiff retains the ultimate burden to show that the proffered reasons are pretextual. Ajayi, 336 F.3d at 531.

In order to establish a prima facie case on her discriminatory discharge claim, Plaintiff needs to show that: (1) she was a member of a protected class; (2) she was meeting Defendants' legitimate expectations; (3) she suffered an adverse employment action; and (4) Defendants treated similarly situated employees outside of the protected class more favorably. See Ajayi, 336 F.3d at 531. This court agrees with Defendants that Plaintiff cannot establish a prima facie case of discrimination because she has not shown that a similarly situated employee outside of the protected class was treated more favorably.

In her Response, Plaintiff insists that she was terminated because of her race, African American. In support of this argument, Plaintiff has provided a list of white employees who she claims committed safety violations or had attendance problems and were not terminated by Defendants. However, this evidence does not help Plaintiff. Plaintiff is required to show that she was treated less favorably than employees outside her protected class who were similarly situated; "that is, employees who were 'directly comparable to her in all material respects.'" Ajayi, 336 F.3d at 531-32, quoting Patterson v. Avery Dennison Corp., 281 F.3d 676, 680 (7th Cir. 2002); see also Radue v. Kimberly Clark Corp. 219 F.3d 612, 617-18 (7th Cir. 2000). "To determine whether two employees are directly comparable, a court looks at all the relevant factors, which most often include whether the employees (i) held the same job description, (ii) were subject to the same standards, (iii) were subordinate to the same supervisor, and (iv) had comparable experience, education, and other qualifications. . . ." Ajayi, 336 F.3d at 532; see also Snipes v. Ill. Dept. of Corrections, 291 F.3d

460, 463 (7th Cir. 2002).

Where a plaintiff claims that she was disciplined by her employee more harshly than a similarly situated employee based upon some prohibited reason, a plaintiff must show that she was similarly situated with respect to performance, qualifications, and conduct. Snipes, 291 F.3d at 463; see also Franklin v. City of Evanston, 384 F.3d 838, 847 (7th Cir. 2004). "Requiring that the plaintiff establish these similarities is simply common sense, as different employment decisions, concerning different employees, made by different supervisors . . . sufficiently account for any disparity in treatment, thereby preventing an inference of discrimination." Snipes, 291 F.3d at 463 (internal quotation marks and citations omitted).

This court concludes that the employees listed by Plaintiff in her Response did not engage in the same or similar conduct and cannot be considered similarly situated to Plaintiff. Plaintiff has not disputed Defendants' evidence that three Caucasian employees were terminated when they, like Plaintiff, did not report to work for more than three consecutive days. Plaintiff has not provided this court with any evidence that a similarly situated white employee was not terminated after failing to report to work for more than three consecutive days. Accordingly, this court concludes that Plaintiff has not shown that any similarly situated employee not in her protected class was treated more favorably. Therefore, Plaintiff has not established a prima facie case of discrimination and Defendants are entitled to summary judgment.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Motion to Vacate (#26) is GRANTED. This court hereby vacates its Order (#23) which granted Defendants' Motion for Summary Judgment (#18).

(2) Following careful review of Plaintiff's Response (#25), Defendants' Motion for Summary

Judgment (#18) is GRANTED. Judgment is entered in favor of Defendants and against Plaintiff.

(3) This case is terminated. The parties shall be responsible for their own court costs.

ENTERED this <u>16th</u> day of February, 2005

        **s/ Michael P. McCuskey**
        MICHAEL P. McCUSKEY
        CHIEF JUDGE